**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

N. KALONJI OWUSU I,

    Plaintiff,

v.

CASE NO. 2:08-CV-12300
HONORABLE GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

PATRICIA L. CARUSO, et. al.,

    Defendants,
_____/

## OPINION AND ORDER DENYING THE
## MOTION TO ALTER OR AMEND JUDGMENT

On May 28, 2008, plaintiff filed a civil rights complaint with this Court pursuant to 42 U.S.C. § 1983. Plaintiff also filed an application to proceed without prepayment of fees. On June 11, 2008, this Court denied plaintiff's application to proceed without prepayment of fees and dismissed his civil rights complaint filed without prejudice. The Court denied plaintiff's application to proceed without prepayment of fees, because plaintiff's complaint involved claims which arose out of separate incidents and involved different parties and unrelated issues. This Court indicated that to allow plaintiff to proceed with these improperly joined claims and defendants in a single action would permit him to circumvent the Prison Litigation Reform Act's filing fee provisions and allow him to avoid having to incur a "strike", for purposes of by 28 U.S.C. § 1915(g), should any of his claims turn out to be frivolous.

Plaintiff has now filed a motion to alter or amend judgment. For the reasons stated below, the motion for rehearing shall be **DENIED**

1

Federal Rule of Civil Procedure 59(e) provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is discretionary with the district court. *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F. 2d 129, 132 (6th Cir. 1990). A federal district court judge, however, has discretion to grant a motion to alter or amend judgment only in very narrow circumstances:

1. to accomodate an intervening change in controlling law;
2. to account for new evidence which was not available at trial; or
3. to correct a clear error of law or to prevent manifest injustice.

*Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

In addition, Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes,* 86 F. Supp. 2d at 726 (internal quotation omitted).

A motion to alter or amend judgment brought pursuant to Rule 59 (e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.; See also Flanagan v. Shamo,* 111 F. Supp. 2d 892, 894 (E.D.

Mich. 2000). The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

In his motion to alter or amend judgment, plaintiff is merely presenting issues that were already raised in plaintiff's initial civil rights complaint and his application to proceed without prepayment of fees and which were considered by the Court in making the determination that plaintiff should not be permitted to improperly join these unrelated defendants and causes of action in a single complaint. The Court will therefore deny plaintiff's motion to alter or amend judgment, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied plaintiff's application to proceed without prepayment of fees and dismissed the civil rights complaint without prejudice. *Hence v. Smith,* 49 F. Supp. 2d at 553.

**IT IS HEREBY ORDERED** that the motion to alter or amend judgment [Dkt. # 4] is **DENIED.**

        s/Gerald E. Rosen
        United States District Judge

Dated: September 5, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 5, 2008, by electronic and/or ordinary mail.

      s/LaShawn R. Saulsberry
      Case Manager